UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| Dianne Lynn Lunn | Case No. 16-20163-PRW |
| Debtors. | |

--------------------------------------------------------x

| | |
|---|---|
| Dianne L. Lunn | |
| | Adv. No: 2-16-02014-PRW |
| Plantiffff, | |
| -against- | |
| WestVue NPL Trust II, | Hearing Date and Time: |
| | Judge: Hon. Paul R. Warren |
| Defendants. | |

--------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF MOTION TO DISMISS ADVERSARY PROCEEDING**

Michael C. Manniello, the undersigned, an attorney duly admitted to practice law before the Courts of the State of New York and admitted in the United States Court, Western District of New York, hereby affirms the following to be true under the penalty of perjury:

1. I am associated with the law firm of Peter T. Roach and Associates, P.C., attorney for WestVue NPL Trust II ("Movant") herein, and as such, I am fully familiar with the facts and circumstances hereinafter set forth.

2. I submit this Affirmation in support of the instant motion for an Order dismissing the within adversary proceeding in its entirety pursuant to F.R.B.P. 7012, F.R.Civ.P. Rule 12(b)(1) and (6).

3. The jurisdiction of this Court is claimed to be invoked by Plaintiff pursuant to 28 U.S.C.

1

§§157 and 1334. The nature of the action is that Plaintiff seeks a declaratory judgment on various grounds pursuant to 11 U.S.C. 7001(9), determination as to the validity of a lien pursuant to 11 U.S.C. 7001(2), determination as to Defendant's secured status pursuant to 11 U.S.C. 506(a),(d), and "the dischargeability of a lien (sic)" pursuant to 11 U.S.C. 7001(6). It is respectfully contended that none of these claims are properly before the Court either due to the Court not having subject matter jurisdiction or the claims not being ripe for review due to the status of the underlying bankruptcy proceeding.

## PROCEDURAL BACKGROUND

4.  As the docket of the bankruptcy proceeding indicates, the underlying bankruptcy is a Chapter 7. This cannot be disputed. There exists a mortgage lien on premises titled to Plaintiff and known as 926 Burritt Road, Hilton, NY ("Premises") in the original amount of $102,961.00 given by Debtor to secure a Note of that same amount (See Exhibit "D" to the Adversary Complaint). A copy of the fully executed and recorded Mortgage is annexed hereto as **Exhibit "A"**. Plaintiff does not and cannot dispute the existence of the Note and Mortgage, but challenges the interest and standing of Defendant WestVue NPL Trust II to enforce same.

5.  There is currently pending in the Supreme Court of the State of New York, Monroe County an action to foreclosure the Mortgage – which action has proceeded to issuance of a Judgment of Foreclosure and Sale (Exhibit "M" to the Adversary Complaint annexed hereto in its entirety as **Exhibit "D"**). In issuing that Judgment, the state court has determined the validity of the Note and Mortgage and that the Plaintiff therein, NNPL Trust Series 2012-1, is entitled to proceed with a foreclosure sale. As Plaintiff states in her Adversary Complaint, she answered the foreclosure complaint and litigated various issues in the state court (See Adversary Complaint at ¶¶26-45.

2

6. The Plaintiff in the foreclosure NNPL Trust Series 2012-1 assigned the Note and Mortgage to WestVue NPL Trust II ("WestVue") by Assignment of Mortgage recorded July 30, 2015 (**Exhibit "B"**). NNPL Trust Series 2012-1 also executed and delivered to WestVue an Assignment of Judgment which was recorded in the Office of the Monroe County Clerk on May 16, 2016. (**Exhibit "C"**). The Assignment of Judgment was made in compliance with the Judgment of Foreclosure which directed that in the event the interest of the Plaintiff in the state court Judgment were assigned such an assignment was to be recorded with the County Clerk and provided to the Referee at foreclosure (See Exhibit "M" to the Adversary Complaint).

### THE STATE COURT FINDINGS AND JUDGMENT ARE BINDING AND CANNOT BE RE-LITIGATED IN THIS ACTION

7. The Supreme Court, Monroe County has issued a Judgment of Foreclosure and Sale (Exhibit "M to the Adversary Complaint). Lunn, the Plaintiff herein, being a defendant in that action had a full and fair opportunity to be heard and have her defenses adjudicated. As the Adversary Complaint sets out, Lunn in fact heavily litigated her defenses in that state court action. As a matter of state law, the Judgment of Foreclosure and Sale is final and any issues which could have been litigated can no longer be heard. For this well recognized maxim, the court's attention is respectfully invited to *Gray v. Banker Trust Co. of Albany*, 82 A.D.2d 168, 442 N.Y.S.2d 610 (3rd Dept. 1981), where the ruling was that:

> *A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded.*

[See also, *Bank of New York v. Route 312 Dev. Corporation*, 185 A.D.2d 582, 586 N.Y.S.2d 373 (3d Dept. 1992); *Money Store of N.Y. v. Doner Holding Corp.*, 112 A.D.2d 284, 491 N.Y.S.2d 730 (2d Dept. 1985)]

8. Similarly, the holding in *Griffo v. Swartz*, 61 Misc.2d 504, 306 N.Y.S.2d 64 (1969) provided that:

> A judgment of foreclosure and sale having been entered against the defendant, all matters of defense which were or might have been put forth and litigated in the foreclosure action are concluded. The rule has been stated as follows:
>
>> `Any defense that may be offered to a decree of foreclosure or against a personal decree for the debt should be presented in due course during the proceedings, or sufficient reason given for not doing so, and it must be germane to the issue and must present a legal reason why plaintiff should not recover.'
>
> * * *
>
> Thus, where the court has jurisdiction of the subject matter and of the parties involved, its decree and sale thereunder are binding upon all of the parties and the force of the decree and the effect of the sale are not impaired by a mortgagor's failure to contest the claim of the plaintiff in the action. (Tailer Co. v. Falk, 105 Misc. 6, 173 N.Y.S. 251)."

9. The state court Judgment has preclusive effect in this Court also. "The preclusive effect of a state - court judgment in federal court is controlled by the full faith and credit doctrine... The res judicata rule in New York is... a judgment on the merits by a court of competent jurisdiction is conclusive [in any subsequent action] of the issues of fact and questions of law necessarily decided." *Major v. SONY Music Entertainment, Inc.*, 1992 W.L. 210115 (SDNY 1992). Having litigated the merits on several occasions in Supreme

Court Lunn is bound by those findings. See *Major v. SONY Music Entertainment, Inc.*, 1992 W.L. 210115 (SDNY 1992).

10. The Rooker-Feldman Doctrine precludes this Court from litigating the validity of the Note and the Mortgage as an enforceable lien. "… [F]ederal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998); *District Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid Trust Co.*, 263 U.S. 413 (1923). Therefore any claim by Lunn challenging the enforceability of the mortgage lien regardless of what entity currently holds it must be dismissed.

### PLAINTIFF'S CLAIMS UNDER 11 U.S.C §§ 7001(9) and 7001(2) SHOULD BE DISMISSED

11. WestVue has not filed a claim in the bankruptcy. Lunn seeks a determination that WestVue is "not a party in interest pursuant to 11 U.S.C. §7001(9)." WestVue, while having previously moved for relief form the automatic stay, has no application pending in the bankruptcy and has not filed a claim in the bankruptcy. Lunn brings this adversary proceeding as a preemptive strike and as stated above as a collateral attack against the state court judgment.

12. Any quarrel Lunn has with WestVue's standing to continue the foreclosure action is a matter for the state court. The state court issued a Judgment of Foreclosure and Sale to the named Plaintiff therein. If and when WestVue seeks to continue in that Plaintiff's shoes, Lunn can make whatever arguments she has against that in state court. "Property interests are created and defined by state law .. unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding (citations omitted)" *Stern v. Marshall*, 564 U.S. 462, ___,

131 S.Ct. 2594, ____, 180 L.Ed 475,502 (2011). Therefore, this Court does not have subject matter jurisdiction to determine whether or not WestVue holds a valid lien based upon the Mortgage and the Plaintiff's claims whether they seek to affect that lien or WestVue's entitlement to enforce it in state court should be dismissed.

### PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER 11 U.S.C. 506(a)

13. 11 U.S.C. 506(a) addresses the status and categorization of a "secured claim". WestVue has not filed a proof of claim in the bankruptcy proceeding. Lunn acknowledges this in her Adversary Complaint (see Adversary Complaint at ¶ 13). Therefore the determination whether the holder of the mortgage lien (regardless of which entity that is) holds a secured claim or not is not an issue in the bankruptcy proceeding. WestVue has not asserted any rights in the bankruptcy proceeding. Moreover, Lunn has not demonstrated any grounds to have the mortgage lien categorized as unsecured

### PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER 11 U.S.C. 7001(6)

14. Lunn seeks a determination as to "the dischargeability of the lien" at issue pursuant to 11 U.S.C. 7001(6). 11 U.S.C. 7001(6) addresses the "dischargeability of a debt" not a lien. The statute has no provision addressing the voidance of a lien which is what Lunn seeks. WestVue has not put in issue the dischargeability of the underlying debt, and in any event that statute typically provides for a proceeding to deem a debt "non-dischargeable." An adversary proceeding is not used as a preemptive strike to deem a debt dischargeable. There is no provision in the statute for such a cause of action.

15. As has been addressed above, Lunn is not entitled to any relief before this Court as to the validity of the mortgage lien.

WHEREFORE, your affirmant, as the attorney for WestVue NPL Trust II requests (1) an Order pursuant to F.R.B.P. 7012, F.R.Civ.P. Rule 12(b)(1) dismissing the complaint herein as the court does not have subject matter jurisdiction over any claim as to the legitimacy of the mortgage lien as the validity of the lien is a state court matter; (2) an Order pursuant to F.R.Civ.P. Rule 12(b)(6) as Plaintiff has failed to demonstrate any set of facts upon which relief should be granted and (3) for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: Syosset, New York
      May 26, 2016

s/*Michael C. Manniello*
Michael C. Manniello (3136)
Peter T. Roach and Assoc., P.C.
Attorney for Defendant
6901 Jericho Turnpike, Suite 240
Syosset, NY 11791
516.938.3100 (x 336)