# Cover Sheet

Reply to Defendant's Opposition to Plaintiff's Motion for Order Granting Leave to file a Second Amended Complaint and the Motion to Dismiss the First Amended Complaint.

July 23, 2016

| | |
|---|---|
| Debtor: Dianne Lynn Lunn | Chapter 7 |
| Date debtor petition filed: February 22, 2016 | Case No. 2-16-20163-PRW |
| Trustee: Douglas J. Lustig | Adv. Case No. 2-16-02014-PRW |

Hearing date and time : July 28, 2016 9:00 am

No oral arguments or attendance required pursuant to scheduling order dated July 15, 2016

Documents annexed hereto:

Reply to Defendant's Opposition to Plaintiff's Motion for Order Granting Leave to File a Second Amended Complaint and the Motion to Dismiss the First Amended Complaint.

Certificate of Service

FILED JUL 25 2016 BANKRUPTCY COURT ROCHESTER, NY

RECEIVED JUL 25 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re:

Dianne Lynn Lunn,

      Debtor

Case No. 2-16-20163-PRW

**Chapter 7**

**Adversary proceeding No. 2-16-02014-PRW**

---

Dianne Lynn Lunn,

      Plaintiff,

-against-

WestVue NPL Trust II,

      Defendant.

**Reply to Defendant's Opposition to Plaintiff's Motion for Order Granting Leave to File a Second Amended Complaint and the Motion to Dismiss the First Amended Complaint.**

---

Plaintiff Dianne Lynn Lunn, hereby replies to the opposition of Defendant, WestVue NPL Trust II, to Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC'), that is included within the Motion to dismiss the First Amended Complaint ("FAC").

I. Matter of Judicial Administration

  A. As the Court clearly stated within the July 13, 2016 order, ¶ 8 that the Plaintiff's Motion seeking leave to file a SAC must be heard and determined before the Defendant's Motion to dismiss the FAC can be considered by the Court; the fact that the Defendant has opted not to file separate Motions should not be a reason for the Court to allow the Defendant the right to file a motion to dismiss the FAC within the opposition to the Plaintiff's Motion for leave of Court to file a SAC.

II. The Defendant states several reasons why the Plaintiff's Motion for Leave of Court to file a SAC should be denied including: prejudice to the Defendant, undue delay, the vast differences between the original complaint and the first amended complaint, that the purposed SAC adds several claims

1

causing the Defendant prejudice and that the Plaintiff did not include these claims in the FAC.

A. Rather than prejudicing the Defendant, the purposed SAC articulates the factual allegations against the Defendant, thereby notifying the Defendant of the specific violations of law that the Plaintiff is raising as causes of action against the Defendant.

B. As the Plaintiff timely filed a Motion requesting Leave of Court to file the purposed SAC, the only delay would be in that the Defendant may have to file an answer to the allegations raised against it, rather than avoiding the issues stated within the FAC and the purposed SAC by filing 12(b)(1) and 12(b)(6) motions to dismiss.

C. The Plaintiff will not address any of the differences raised by the Defendant between the original complaint and the FAC filed pursuant to the Federal Rules of Civil Procedure 15(a), as the FAC replaces the original complaint as if the original complaint was never filed. The Defendant also appears to take issue that the Plaintiff availed herself of her right to file a FAC in the face of Rule 12(b)(1) and 12(b)(6) motions to dismiss without leave of Court, which is also a moot point.

D. The Plaintiff, in filing the purposed SAC, seeks to file an amended complaint that meets the pleading requirements of the Federal Rules of Civil Procedure §§ 8 and 9. Since the filing of the FAC, the Plaintiff has acquired the knowledge that the factual allegations stated must also meet the required elements of each cause of action in order for the Court to grant the relief requested. Properly raising the claims against the Defendant within the purposed SAC should in no way prejudice the Defendant, as the four causes of action within the purposed SAC were previously raised in the FAC, though admittedly not procedurally raised in the proper format.

E. The Federal Rules of Civil Procedure 15(a)(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

2

1. The Plaintiff respectfully requests that this Court grants the motion for leave to file the purposed Second Amended Complaint in order to file a complaint that meets the pleading requirements of the Federal Rules of Civil Procedure §§ 8 and 9.

III. The Motion to dismiss the First Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6)

A. As the Plaintiff has clearly articulated within the FAC and the purposed SAC, the Judgments granted within the State Court foreclosure proceedings are not at issue here; the Plaintiff is not inviting this Court to review the foreclosure proceedings nor disturb the judgments; rather, it is the nefarious conduct and illegal activities of the Defendant post-judgment that demand the attention of this Court.

As the contested matter involves real property, known as 926 Burritt Road, Hilton, New York, 14468, which is currently property of the Bankruptcy Estate making this is a core proceeding under 28 U.S.C. § 157(b)(2)(K), which gives this Court jurisdiction, therefore,

**the Motion to Dismiss by the Defendant pursuant to Rule 12(b)(1) should be denied in its entirety.**

B. The motion to dismiss under Rule 12(b)(6) should also be denied, as the Plaintiff, within the purposed SAC, sufficiently states the factual allegations against the Defendant.

"[A] complaint must contain sufficient factual matter . ... to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal , 129 S.Ct. 1937, 1949(2009) (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007)).

Within the purposed SAC, there is no question as to the factual allegations against the defendant, nor any reason that the relief sought by the Plaintiff could not be granted by this Court.

**The Plaintiff requests that the Defendant's Motion to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) be denied in its entirety.**

3

Date: July 23, 2016                                Respectfully Submitted,

                                                   _____
                                                   Dianne Lynn Lunn, Plaintiff/Debtor, *pro se*
                                                   926 Burritt Rd.
                                                   Hilton, NY 14468
                                                   (585)694-6238

4

# CERTIFICATE OF SERVICE

I, _Steven Lunn_ certify that on _July 23, 2016_, served a true and correct copy of the Reply to Defendant's Opposition to Plaintiff's Motion for an order granting leave to file a Second Amended Complaint and the Motion to dismiss the first amended complaint along with this certificate of service to the following parties at the addresses by them for that purpose by depositing true copies of the same enclosed in postage fully pre-paid, properly addressed envelopes, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York. The remaining recepients will receive true and correct copies delivered by hand.

I further certify that I am over the age of 18 years and not a party to the above entitled matter. Under penalty of perjury, I declare that the foregoing is true and correct.

Date _July 23, 2016_  Signature _[signed]_

Print Name _Steven Lunn_


Michael C. Manniello, Sr., Esq.
Peter T. Roach and Associates, P.C
6901 Jericho Turnpike, Suite 240
Syosset, NY 11791

Douglas J. Lustig, Esq., Trustee
Dibble & Miller
55 Canterbury Rd.
Rochester, NY 14607

Clerk of the Court
U.S. Bankruptcy Court, W.D.N.Y.
100 State Street
Rochester, NY 14614

The Honorable Paul R. Warren
U.S. Bankrupty Court, W.D.N.Y.
100 State Street
Rochester, NY 14614

Office of the United States Trustee
100 State Street, Room 609
Rochester, NY 14614