UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

MOTION DATE:
September 15, 2016 @ 9:00 a.m.

---------------------------------x
In re:

    DIANNE LYNN LUNN,

                  Debtor.
---------------------------------x
Dianne L. Lunn

                  Plaintiff,

-against-

WestVue NPL Trust II,

                  Defendant
---------------------------------x

Chapter 7
Adv. No.: 2-16-02014

**ORDER DISMISSING 2nd AMENDED COMPLAINT**

APPLICATION HAVING BEEN MADE to this Court by WestVue NPL Trust II, (hereinafter referred to as "WestVue") by Notice of Motion dated August 24, 2016, seeking an Order dismissing each and every count of the 2nd Amended Complaint pursuant to F.R.Civ.P.Rule 12(b)(1) and 12(b)(6); and it appearing that Notice of said Motion, and Affirmation in Support having been served upon the pro se debtor/Plaintiff, and this matter having come before the United States Bankruptcy Court at `9:00 a.m. on September 15, 2016; and there being no written opposition thereto; and good and sufficient cause appearing therefore; it is

ORDERED, that the application of WestVue seeking an order dismissing each and every count of the 2nd Amended Complaint is

hereby granted.

Dated: _____, 2016
       Rochester, New York

                                    _____
                                    HON. Paul R. Warren
                                    U.S. Bankruptcy Judge
                                    Western District of New York

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                               Chapter 7

Dianne Lynn Lunn                                     Case No. 16-20163-PRW

                Debtors.

---------------------------------------------------------x
Dianne L. Lunn
                                                     Adv. No: 2-16-02014-PRW
                Plantifff,

-against-

WestVue NPL Trust II,                                Hearing Date and Time: September 15, 2016,
                                                     9:00 am

                                                     Judge: Hon. Paul R. Warren

                Defendants.
---------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT IN ADVERSARY PROCEEDING**

      Michael C. Manniello, the undersigned, an attorney duly admitted to practice law before the Courts of the State of New York and admitted in the United States Court, Western District of New York, hereby affirms the following to be true under the penalty of perjury:

      1. I am associated with the law firm of Peter T. Roach and Associates, P.C., attorney for WestVue NPL Trust II ("Movant") herein, and as such, I am fully familiar with the facts and circumstances hereinafter set forth.

      2. I submit this Affirmation in support of the instant motion for an Order dismissing the Second Amened Complaint and the within adversary proceeding in its entirety pursuant to F.R.B.P. 7012, F.R.Civ.P. Rule 12(b)(1) and (6).

1

3. The jurisdiction of this Court is claimed to be invoked by Plaintiff pursuant to 28 U.S.C. §§157 and 1334. Plaintiff's causes of action are:

Count 1 – Violation of the Automatic Stay

Count Two – Determination of the Validity of a Lien (FRBP §7001(2)

Count Three – Contempt of Court

Count Four – Deceptive Acts or Practices Unlawful NY GBS Article 22-A §349 (a)(h), Arising Under Violations of NYS Penal Law 175.30 and 210.35

## PROCEDURAL BACKGROUND

4. As the docket of the bankruptcy proceeding indicates, the underlying bankruptcy is a Chapter 7. This cannot be disputed. There exists a mortgage lien on premises titled to Plaintiff (Exhibit "A" to Second Amended Adversary Complaint hereafter "Complaint" and annexed hereto in its entirety as **Exhibit "A"**) and known as 926 Burritt Road, Hilton, NY ("Premises") in the original amount of $102,961.00 given by Debtor to secure a Note of that same amount (See Exhibit "I" to the Complaint). A copy of the fully executed and recorded Mortgage is annexed hereto as Exhibit "E " to the Complaint. Plaintiff does not and cannot dispute the existence of the Note and Mortgage, but challenges the interest and standing of Defendant WestVue NPL Trust II to enforce same.

5. There is currently pending in the Supreme Court of the State of New York, Monroe County an action to foreclosure the Mortgage – which action has proceeded to issuance of a Judgment of Foreclosure and Sale (Exhibit "F" to the Complaint). In issuing that Judgment, the state court has determined the validity of the Note and Mortgage and that the Plaintiff therein, NNPL Trust Series 2012-1, is entitled to proceed with a foreclosure sale. As Plaintiff states in her Complaint, she answered the foreclosure complaint and litigated various issues in the state court (See Adversary Complaint at ¶¶45-52.

2

6. The Plaintiff in the foreclosure NNPL Trust Series 2012-1 assigned the Note and Mortgage to WestVue NPL Trust II ("WestVue") by Assignment of Mortgage recorded July 30, 2015 (**Exhibit "B"**). NNPL Trust Series 2012-1 also executed and delivered to WestVue an Assignment of Judgment which was recorded in the Office of the Monroe County Clerk on May 16, 2016. (**Exhibit "C"**). The Assignment of Judgment was made in compliance with the Judgment of Foreclosure which directed that in the event the interest of the Plaintiff in the state court Judgment were assigned such an assignment was to be recorded with the County Clerk and provided to the Referee at foreclosure (See Exhibit "F" to the Complaint).

### THE STATE COURT FINDINGS AND JUDGMENT ARE BINDING AND CANNOT BE RE-LITIGATED IN THIS ACTION IN ANY FORM

7. The Supreme Court, Monroe County has issued a Judgment of Foreclosure and Sale (Exhibit "F" to the Complaint). Lunn, the Plaintiff herein, being a defendant in that action had a full and fair opportunity to be heard and have her defenses adjudicated. As the Complaint sets out, Lunn in fact heavily litigated her defenses in that state court action. As a matter of state law, the Judgment of Foreclosure and Sale is final and any issues which could have been litigated in the State Court can no longer be heard. For this well recognized maxim, the court's attention is respectfully invited to *Gray v. Banker Trust Co. of Albany*, 82 A.D.2d 168, 442 N.Y.S.2d 610 (3rd Dept. 1981), where the ruling was that:

> *A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded.*

[See also, *Bank of New York v. Route 312 Dev. Corporation*, 185 A.D.2d 582, 586 N.Y.S.2d 373 (3d Dept. 1992); *Money Store of N.Y. v. Doner Holding Corp.*, 112 A.D.2d 284, 491 N.Y.S.2d 730 (2d Dept. 1985)]

8. Similarly, the holding in *Griffo v. Swartz*, 61 Misc.2d 504, 306 N.Y.S.2d 64 (1969) provided that:

> A judgment of foreclosure and sale having been entered against the defendant, all matters of defense which were or might have been put forth and litigated in the foreclosure action are concluded. The rule has been stated as follows:
>
>> 'Any defense that may be offered to a decree of foreclosure or against a personal decree for the debt should be presented in due course during the proceedings, or sufficient reason given for not doing so, and it must be germane to the issue and must present a legal reason why plaintiff should not recover.'
>
> * * *
>
> Thus, where the court has jurisdiction of the subject matter and of the parties involved, its decree and sale thereunder are binding upon all of the parties and the force of the decree and the effect of the sale are not impaired by a mortgagor's failure to contest the claim of the plaintiff in the action. (Tailer Co. v. Falk, 105 Misc. 6, 173 N.Y.S. 251)."

9. The state court Judgment has preclusive effect in this Court also. "The preclusive effect of a state - court judgment in federal court is controlled by the full faith and credit doctrine... The res judicata rule in New York is... a judgment on the merits by a court of competent jurisdiction is conclusive [in any subsequent action] of the issues of fact and questions of law necessarily decided." *Major v. SONY Music Entertainment, Inc.*, 1992 W.L. 210115 (SDNY 1992). Having litigated the merits on several occasions in Supreme Court Lunn is bound by those findings. See

*Major v. SONY Music Entertainment, Inc.*, 1992 W.L. 210115 (SDNY 1992).

10. The Rooker-Feldman Doctrine precludes this Court from litigating the validity of the Note and the Mortgage as an enforceable lien. "… [F]ederal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998); *District Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid Trust Co.*, 263 U.S. 413 (1923). Therefore any claim by Lunn challenging the enforceability of the mortgage lien regardless of what entity currently holds it must be dismissed.

### PLAINTIFF'S COUNT 1 OF THE COMPLAINT CLAIMING VIOLATION OF THE AUTOMATIC STAY SHOULD BE DISMISSED

11. Count 1 of the Complaint is based upon allegations of the ineffectiveness of a recorded Assignment of Judgment while at the same time claiming that the act of assigning the judgment violated the automatic stay. As is set forth above any argument as to the effectiveness of Defendant's lien or Defendant's ability to proceed against the Plaintiff to enforce the state court Judgment of Foreclosure is an issue for the state court. Defendant has not asserted a claim against the Plaintiff in the within bankruptcy; plaintiff is improperly using the bankruptcy court to collateraly attack state court determinations.

12. None of Defendant's conduct recited in Count 1 of the Complaint amounts due a violation of the automatic stay under 362. Plaintiff has not sufficiently pled a cause of action upon which relief can be granted and therefore Count 1 must be dismissed pursuant to F.R.B.P. 7012 and F.R.Civ.P. Rule 12(b)(6).

## PLAINTIFF'S COUNT TWO OF THE COMPLAINT UNDER 11 U.S.C §7001(2) SHOULD BE DISMISSED

13. Any quarrel Lunn has with WestVue's standing to continue the foreclosure action is a matter for the state court. The state court issued a Judgment of Foreclosure and Sale to the named Plaintiff therein. If and when WestVue seeks to continue in that Plaintiff's shoes, Lunn can make whatever arguments she has against that in state court. "Property interests are created and defined by state law .. unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding (citations omitted)" *Stern v. Marshall*, 564 U.S. 462, ___, 131 S.Ct. 2594, ___, 180 L.Ed 475,502 (2011). Therefore, this Court does not have subject matter jurisdiction to determine whether or not WestVue holds a valid lien based upon the Mortgage and the Plaintiff's claim as contained in Count Two of the Complaint whether it seeks to affect that lien or WestVue's entitlement to enforce it in state court should be dismissed pursuant to F.R.B.P. 7012 and F.R.Civ.P. Rule 12(b)(1) and (6). See Rooker-Feldman analysis supra; see also, *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150 (E.D.N.Y. 2010).

## PLAINTIFF'S COUNT THREE OF THE COMPLAINT SHOULD BE DISMISSED

14. Count Three of the Complaint seeks redress from the bankruptcy court for alleged conduct which took place before Supreme Court of the State of New York, Appellate Division Fourth Department. Even if every allegation of fact set forth in that Count were true, the bankruptcy court does not have jurisdiction to address Plaintiff's claims. Not to mention the form of relief sought would be entirely proper even if brought to the state court. A contempt of court addresses violation of a court order which is punishable by a contemtpt of court. Plaintiff cites to no such order of the state court. Count Three should be dismissed pursuant to F.R.B.P.

7012 and F.R.Civ.P. Rule 12(b)(1) and (6).

## PLAINTIFF'S COUNT FOUR OF THE COMPLAINT SHOULD BE DISMISSED

15. Plaintif admits that the Penal Law violations claimed and cited in Count Four of the Complaint do not provide for a private cause of action (See Complaint at §93). Based on that statement alone, which is entirely accurate, Count Four of the Complaint should be dismissed pursuant to F.R.B.P. 7012 and F.R.Civ.P. Rule 12(b)(1) and (6).

16. Moreover, the alleged facts which are the basis for Count Four are that entities which are not defendants in this action, "NNPL Trust Series 2012-1" and "WVUE 2012-1" purportedly submitted false documents for recording. Plaintiff then makes the leap that Defendant WestVue NPL Trust II is culpable for the acts of these other entities. Dismissal is therefore proper pursuant to F.R.B.P. 7012 and F.R.Civ.P. Rule 12(b)(6). See also, *Vicom Inc. v. Harbridge Merchant Services, Inc.*, 20 F3d 771, 774 (7th Cir. 1993).

WHEREFORE, your affirmant, as the attorney for WestVue NPL Trust II requests (1) an Order pursuant to F.R.B.P. 7012, F.R.Civ.P. Rule 12(b)(1) and (6) dismissing all of the Causes of Action set forth in the Complaint, and (2) for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: Syosset, New York
       August 23, 2016

                                        s/*Michael C. Manniello*
                                        Michael C. Manniello (3136)
                                        Peter T. Roach and Assoc., P.C.
                                        Attorney for Defendant
                                        6901 Jericho Turnpike, Suite 240
                                        Syosset, NY 11791
                                        516.938.3100 (x 336)