UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

      Dianne Lynn Lunn,

          Debtor.

Bankruptcy Case No. 16-20163-PRW
Chapter 7

_____

      Dianne Lynn Lunn,

         Plaintiff,

         vs.

      WestVue NPL Trust II,

         Defendant.

Adversary Proceeding No. 16-2014-PRW

_____


**DECISION AND ORDER
GRANTING MOTION TO DISMISS
SECOND AMENDED COMPLAINT**


PAUL R. WARREN, United States Bankruptcy Judge


**I.**

**PROCEDURAL HISTORY OF ADVERSARY PROCEEDING**

On February 22, 2016, Dianne Lynn Lunn ("Lunn") filed a Chapter 7 petition.  (ECF BK No. 2).[1]  On April 26, 2016, Lunn filed a complaint, initiating an adversary proceeding against WestVue NPL Trust II ("WestVue").  (ECF AP No. 1).  Lunn, acting *pro se*, sought relief in connection with a mortgage foreclosure action that was pending—and is still pending—before

_____

[1]    References to the docket for the adversary proceeding are identified as "ECF AP" and references to the docket in the main bankruptcy case are identified as "ECF BK."

the state courts. On May 27, 2016, WestVue moved to dismiss the complaint under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure ("FRCP"), made applicable to this action by Rule 7012 FRBP. (ECF AP No. 8). In response to that motion, Lunn timely filed an amended complaint under Rule 15(a)(1)(B) FRCP ("First Amended Complaint"). (ECF AP No. 11). In lieu of an answer, WestVue filed an amended motion to dismiss Lunn's First Amended Complaint—again under Rules 12(b)(1) and (b)(6) FRCP. (ECF AP No. 16).

While WestVue's amended motion was awaiting the scheduled hearing date, Lunn filed a cross-motion requesting leave of court to file a second amended complaint under Rule 15(a)(2) FRCP, attached to which was Lunn's proposed Second Amended Complaint. (ECF AP No. 18). The next day, WestVue filed a reply in opposition to Lunn's cross-motion, asking that the Court not permit further amendment of the complaint and repeating its request that the Court dismiss the First Amended Complaint. (ECF AP No. 20). Lunn submitted further papers in support of her cross-motion, prior to the scheduled hearing date. (ECF AP No. 27). By Order entered on July 28, 2016, the Court granted Lunn leave to file and serve a second amended complaint, requiring that it be in a form identical to that which was attached to her cross-motion. (ECF AP No. 28). That Order also determined that WestVue's "Amended Motion to Dismiss" the First Amended Complaint was rendered moot, and directed WestVue to answer or otherwise appear within 30 days after service of a Second Amended Complaint by Lunn. (*Id.*).

Lunn served and filed her "Second Amended Complaint," in keeping with the Court's Order. (ECF AP No. 31). WestVue timely served and filed its motion to dismiss the Second Amended Complaint ("Motion to Dismiss"), instead of answering. (ECF AP No. 32). In response, Lunn submitted Opposition to WestVue's Motion to Dismiss the Second Amended Complaint. (ECF AP No. 35). The Court took the Motion to Dismiss under advisement, without

oral argument, by Order entered September 12, 2016. (ECF AP No. 36). The Motion to Dismiss is now in a proper procedural posture to be considered by the Court.

For the reasons that follow, WestVue's Motion to Dismiss the Second Amended Complaint, under Rule 12(b)(1) FRCP—for lack of subject matter jurisdiction—as to the Second and Third Cause, under Rule 12(b)(6) FRCP—for failure to state a claim for which relief can be had—as to the First Cause, and under 28 U.S.C. § 1367(c)(3)—in the exercise of the Court's discretion to decline to exercise supplemental jurisdiction—as to the Fourth Cause, is **GRANTED**. Lunn's Second Amended Complaint is, in its entirety, **DISMISSED**.

## II.

## FACTS[2]

Since 2013, Lunn has been locked in a fierce legal battle with Kondaur Capital Corporation ("Kondaur"), and its successors or assigns, in hopes of rescuing her home from foreclosure. Lunn's unbending determination proves "though home is [but] a name, a word, it is a strong one; stronger than magician ever spoke, or spirit answered to, in strongest conjuration."[3] To gain some perspective on the genesis of this litigation, we need to travel with Lunn a bit farther back in time.

In May 2001, Lunn became the owner of a home and parcel of land located at 926 Burritt Road, in Hilton, New York ("Property"). (ECF AP No. 31, Ex. A). Lunn was able to purchase

---

[2]    The facts—taken from Lunn's Second Amended Complaint—are assumed to be true for purposes of determining the issues raised in the Motion to Dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Done v. Option One Mortg.*, No. 09-CV-4770 (JFB), 2011 U.S. Dist. LEXIS 34189, at *7-8 (E.D.N.Y. Mar. 30, 2011).

[3]    *Martin Chuzzlewit*, Chapter 35 (Charles Dickens, January 1844).

3

her home with the assistance of a loan, secured by a mortgage. (ECF AP No. 31 ¶¶ 34-35). In 2006, Lunn refinanced her loan with Access National Mortgage ("Access"). (*Id.* & Ex. E). Her loan from Access was secured by a mortgage held by Mortgage Electronic Registration System ("MERS") as nominee of Access. (*Id.*) Lunn's mortgage was then sold several times on the secondary market. (ECF AP No. 1, Exs. F, G, J, K, N, O).

In mid-2007, Lunn's long-term employment ended abruptly. (ECF AP No. 35 ¶ 38). For our purposes, it matters not why. Her pension provided an income, but in an amount far lower than she had been earning. (*Id.*). Predictably, the unexpected reduction in income made it difficult for Lunn to pay her monthly recurring expenses, including her mortgage obligation. (*Id.* ¶ 39). By early 2008, Lunn had defaulted on her mortgage note. (*Id.* ¶¶ 39-41). It is not clear—and, for purposes of this action, doesn't really matter—whether Lunn ever resumed paying her mortgage obligation. In 2009, BAC Home Loans Servicing, LP ("BAC") started an action to foreclose the mortgage on Lunn's home. (*Id.* ¶ 45). BAC was granted a foreclosure judgment. (*Id.* ¶ 46). Oddly, the action then sat idly from 2010 until August 2013, when it was voluntarily discontinued. (*Id.*).

A few months later, in November 2013, Kondaur started a new foreclosure action on the mortgage encumbering Lunn's home. (ECF AP No. 31 ¶ 48). It appears that Lunn vigorously litigated in defense of that action. After issue was joined and after Kondaur had filed a motion for summary judgment, Lunn's mortgage was sold to NNPL Trust Series 2012-1 ("NNPL"). (*See id.*, Ex. J). At the hearing on Kondaur's motion for summary judgment, the state trial court permitted NNPL to be substituted as plaintiff in the foreclosure action. (ECF AP No. 31 ¶ 49). The state court granted summary judgment in favor of NNPL, on June 10, 2014. (*Id.*; ECF AP No. 1 ¶¶ 39-40). Lunn appealed the order granting summary judgment to the Appellate Division.

4

(ECF AP No. 31 ¶ 50). The state trial court then proceeded to grant a judgment of foreclosure and sale ("Foreclosure Judgment") in favor of NNPL and against Lunn. (*Id.* ¶ 51 & Ex. F). Lunn also appealed the Foreclosure Judgment to the Appellate Division—and the two appeals were consolidated. (ECF AP No. 31 ¶ 52). Lunn requested a stay pending appeal without bond. (*Id.* ¶ 78). The Appellate Division denied Lunn's request, requiring Lunn to post an appeal bond to stay the foreclosure sale pending resolution of the appeal. (*Id.*). Lunn did not post an appeal bond, so the foreclosure sale was not stayed under state law. (*Id.* ¶ 79).

On February 12, 2015, Lunn was notified that ownership of her mortgage had been transferred from NNPL to WestVue. (*Id.*, Ex. G). An Assignment of Mortgage from NNPL to WestVue was recorded in the Monroe County Clerk's Office on July 30, 2015. (*Id.*, Ex. H). The foreclosure of the mortgage on Lunn's home was moving forward, with a foreclosure sale scheduled for February 23, 2016. (*Id.* ¶ 75).

Having been denied a stay pending appeal by the state appellate court, Lunn filed a Chapter 7 petition with this Court one day before the scheduled foreclosure sale.[4] (ECF BK No. 2). By operation of federal law, Lunn now had her stay of the foreclosure sale. 11 U.S.C. § 362(a). In late April 2016, Lunn brought this action against WestVue, complaining about what she saw as an unfair shake in the state court foreclosure action—or arising out of that action. (ECF AP No. 1). On May 16, 2016, NNPL assigned the underlying Foreclosure Judgment to WestVue, and WestVue recorded that assignment with the Monroe County Clerk. (ECF AP No. 31 ¶ 24 & Ex. D).

---

[4]     This is Lunn's third Chapter 7 case in this Court. (*See* Case Nos. 03-22035-JCN and 95-20737-JCN). She was granted a discharge in both prior cases.

Lunn has been granted a discharge of her debts—her case was a no-asset Chapter 7. (ECF BK No. 54).  No creditors filed claims.  As this adversary proceeding demonstrates, Lunn's bankruptcy case was really just a two-party dispute—although, if the ghost of each in the long-line of holders of the mortgage on Lunn's house was separately counted, it might arguably change the math.  But ghost-counting would not alter the reality.  The Chapter 7 case was but a two-party dispute.

**III.**

**ANALYTICAL FRAMEWORK TO BE APPLIED**

WestVue has employed a blunderbuss, loaded with equal measures of Rules 12(b)(1) and (b)(6) FRCP, in its Motion to Dismiss—aimed in the general direction of each of the four causes of action in the Second Amended Complaint.[5]  Proper consideration of the motion to dismiss, as applied to each of Lunn's four distinct causes of action, calls for precision.  A short summary of the standards to be applied by the Court in handling a motion to dismiss under Rule 12(b)(1) or Rule 12(b)(6) is in order.

**A.**     **Review of Rule 12(b)(1) Motion—Criterion**

WestVue has moved to dismiss Lunn's Second Amended Complaint under both Rule 12(b)(1) FRCP—lack of subject matter jurisdiction—and Rule 12(b)(6) FRCP—for failure to

---

[5]     The use of blunderbuss-style pleading—with its associated lack of precision (where precision is desirable)—was often criticized by John M. Wilson II, Esq., a talented Rochester litigator (now retired) and accomplished artist, writer, and chef.

6

state a claim upon which relief can be granted.[6] "Ordinarily, when a defendant moves to dismiss under Rule 12(b)(1) . . . and under Rule 12(b)(6) . . . 'the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.'" *McCrobie v. Palisades Acquisition XVI, LLC*, No. 15-CV-18-JTC, 2016 U.S. Dist. LEXIS 39435, at *9 (W.D.N.Y. Mar. 25, 2016) (Curtin, J.) (quoting *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n.*, 896 F.2d 674, 678 (2d Cir. 1990)).

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must "'accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs.'" *Done v. Option One Mortg.*, No. 09-CV-4770 (JFB), 2011 U.S. Dist. LEXIS 34189, at *7 (E.D.N.Y. Mar. 30, 2011) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F3d 107, 110 (2d Cir. 2004)). A plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence. *See Andrews v. CitiMortgage, Inc.*, No. 14-cv-1534 (JS) (AKT), 2015 U.S. Dist. LEXIS 43027, at *5 (E.D.N.Y. Mar. 31, 2015); *Done*, 2011 U.S. Dist. LEXIS 34189, at *8 (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court may consider exhibits and other materials outside the four corners of the pleading. *Andrews*, 2015 U.S. Dist. LEXIS 43027, at *5; *Done*, 2011 U.S. Dist. LEXIS 34189, at *7-8. The Court will not rely on "conclusory or hearsay statements." *Done*, 2011 U.S. Dist. LEXIS 34189, at *7-8.

---

[6]    Puzzlingly, WestVue has never raised lack of personal jurisdiction as a defense, despite the fact that WestVue was never served with the summons in this action. The Court deems the issue of personal jurisdiction as having been waived by WestVue under Rule 12(h) FRCP. While interesting, the failure of WestVue to plead that defense has no bearing on the outcome.

Case 2-16-02014-PRW    Doc 42    Filed 09/23/16    Entered 09/23/16 15:06:04    Desc Main
Document    Page 7 of 23

**B.    Review of Rule 12(b)(6) Motion—Criterion**

When considering a motion under Rule 12(b)(6), seeking dismissal of a complaint for failure to state a claim upon which relief can be granted, the Court must accept factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Done*, 2011 U.S. Dist. LEXIS 34189, at *7. However, unlike a Rule 12(b)(1) motion, when considering a motion under Rule 12(b)(6), the Court must draw reasonable inferences from the complaint in favor of the plaintiff in determining whether the plaintiff provides "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010); *McCrobie*, 2016 U.S. Dist. LEXIS 39435, at *9; *Done*, 2011 U.S. Dist. LEXIS 34189, at *8. A complaint is plausible on its face when it contains "factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *McCrobie*, 2016 U.S. Dist. LEXIS 39435, at *9; *Done*, 2011 U.S. Dist. LEXIS 34189, at *9.

Federal courts are to liberally construe a *pro se* plaintiff's complaint. *See Hains v. Kerner*, 404 U.S. 519, 520 (1972); *Davis v. United States*, 643 F. App'x 19, 22 (2d Cir. 2016); *Done*, 2011 U.S. Dist. LEXIS 34189, at *8. "Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still 'state a claim to relief that is plausible on its face' to survive a motion to dismiss." *Done*, 2011 U.S. Dist. LEXIS 34189, at *10. However, the Court cannot advance claims that are not clearly raised and developed in the complaint. *See Sykes v. Bank of Am.*, 723 F.3d 399, 403-04 (2d Cir. 2013); *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 252 (S.D.N.Y. 2014); *see also Cowart v. Countrywide Bank, N.A.*, No. 15-10251, 2015 Bankr. LEXIS 3675, at *8 (Bankr. M.D.N.C. Oct. 28, 2015). Here, it is Lunn's obligation to

provide sufficient facts to show that she is entitled to relief, in order for her Second Amended Complaint to survive WestVue's Motion to Dismiss. *See Cowart,* 2015 Bankr. LEXIS 3675, at *8 (quoting *Bagwell v. Dimon,* No. 1:14-CV-495, 2015 U.S. Dist. LEXIS 64483, at *3 (M.D.N.C. May 18, 2015)).

# IV.

## DISCUSSION

Lunn asserts four distinct causes of action in her Second Amended Complaint. In the First Cause, Lunn asserts that WestVue violated the automatic stay under 11 U.S.C. § 362(a)(1). (ECF No. 31 ¶¶ 23-26). In the Second Cause, Lunn asks the court to determine that WestVue does not have a mortgage lien on the Property. (*Id.* ¶¶ 56-61). The Third Cause requests that this Court find WestVue in contempt of a state court scheduling order. (*Id.* ¶¶ 65-79). And the Fourth Cause seeks to recover damages for claimed deceptive business practices under New York General Business Law, Article 22-A §§ 349(a) and (h), and under New York Penal Law §§ 175.30 and 210.35. (*Id.* ¶¶ 84-92). WestVue has moved to dismiss each cause of action in the Second Amended Complaint under both Rules 12(b)(1) and (b)(6) FRCP. The Court will address each cause of action separately, as precision is *de rigueur*.

### A. **First Cause—Alleging a Violation of the Automatic Stay by WestVue—Fails to State a Claim for Which Relief Can Be Granted.**

As her First Cause, Lunn seeks damages for WestVue's claimed violation of the automatic stay under 11 U.S.C. § 362(a). The facts underlying that cause of action are not in dispute. The Foreclosure Judgment granted by the state court included a provision permitting the assignment of that judgment by the state court plaintiff, NNPL. (ECF AP No. 31, Ex. F). On

May 16, 2016, WestVue recorded an assignment of that judgment with the Monroe County Clerk. (*Id.*, Ex. D). Because Lunn had filed her Chapter 7 petition on February 22, 2016, she claims that WestVue's act of recording the assignment of the Foreclosure Judgment was an act in violation of 11 U.S.C. § 362(a).

The question presented is whether the mere recording of an assignment of a foreclosure judgment, after the debtor has filed a bankruptcy petition, is a violation of the automatic stay under 11 U.S.C. § 362(a). The answer is no.

Even accepting as true all of the facts alleged by Lunn, the First Cause does not state a claim for which relief can be granted. The substantial body of law developed by the courts in addressing claimed stay violations associated with post-petition mortgage assignments is instructive. It is well-settled that the post-petition assignment of a mortgage does not give rise to a claim for violation of the automatic stay, without more. *See Sprouse v. Sigmon*, No. 09-31054, 2014 Bankr. LEXIS 933, at *12-15 (Bankr. W.D.N.C. Mar. 11, 2014); *see also Rogan v. Bank One*, 457 F.3d 561, 568 (6th Cir. 2006); *Kapila v. Atl. Mortg. & Inv. Corp.*, 184 F.3d 1335, 1337 (11th Cir. 1999); *Carpenter v. Mid-Island Mortg. Corp.*, No. 15-10046, 2015 U.S. Dist. LEXIS 105587, at *6-7 (E.D. Mich. Aug. 11, 2015); *Sanchez v. Aurora Loan Servs., LLC*, No. 09-41756, 2011 Bankr. LEXIS 5602, at *19-21 (Bankr. E.D. Cal. Dec. 15, 2011). This is so because "[a]n assignment does not create a lien; rather it is the original execution of the deed of trust that creates the lien and the original recording that perfects the lien." *Sprouse*, 2014 Bankr. LEXIS 933, at *13. The assignment of a mortgage merely transfers the right to enforce the lien. *Id.* It follows that "[n]either an assignment nor the recording of an assignment constitutes an enforcement of the lien, which could only be enforced through a foreclosure." *Id.* For this reason, the courts have found no automatic stay violation where a creditor merely assigned or

transferred to a third-party an interest or claim against the debtor—substituting one creditor for another. "'Such a transfer merely substitutes the party that holds the interest or claim against the debtor's bankruptcy estate, and such transfer does not serve to increase or decrease the interest or claim the party asserts against the debtor's bankruptcy estate.'" *Id.* (quoting *In re Georgia Steel, Inc.*, 71 B.R. 903, 909 (Bankr. M.D. Ga. 1987)).

The same logic applies here. WestVue merely recorded an assignment of the Foreclosure Judgment from NNPL. WestVue did not seek to enforce that judgment. Because the post-petition assignment merely substituted WestVue as the party-plaintiff under the Foreclosure Judgment—and because WestVue did not take any action to enforce the judgment—the mere act of recording the assignment was not a violation of the automatic stay.

WestVue's Motion to Dismiss the First Cause of action, under Rule 12(b)(6) is **GRANTED.** The First Cause of action in the Second Amended Complaint is **DISMISSED**.

### B.  Second Cause—Seeking Declaration that WestVue's Mortgage Lien Is Invalid— Must Be Dismissed for Want of Subject Matter Jurisdiction.

In her Second Cause, Lunn asks the Court to determine that WestVue does not hold a mortgage lien on her Property. Lunn advances two theories. First, Lunn asserts that Shellpoint—the mortgage servicer for NNPL—was required by New York Real Property Law § 292-a to file a power of attorney with the Monroe County's Clerk's Office in order for Shellpoint to assign the note and mortgage to WestVue. (ECF AP No. 31 ¶¶ 59-61). Lunn alleges that because a power of attorney was not filed with the Monroe County Clerk's Office, Shellpoint did not have the authority to assign the mortgage to WestVue. (*Id.*) As a result, Lunn argues that WestVue does not have a mortgage lien against her Property. (*Id.* ¶ 61). Second, Lunn claims that the Foreclosure Judgment was incorrectly docketed, so that WestVue does not

have a judgment lien on her Property. (*Id.* ¶¶ 63-64). Lunn cleverly argues that she is not inviting the federal court to review the decisions of the state court—because she complains only of events occurring *after* the Foreclosure Judgment was granted. (*Id.* ¶ 4). WestVue moves to dismiss this cause of action under Rule 12(b)(1), arguing that this Court does not have subject matter jurisdiction over the Second Cause of action because of the *Rooker-Feldman* doctrine, and under Rule 12(b)(6) in the alternative. (ECF AP No. 32 ¶ 13).

The question presented is whether this Court has subject matter jurisdiction over the Second Cause of action. The answer is no.

The *Rooker-Feldman* doctrine is rooted in two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine, simply put, is that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970). "[F]ederal . . . courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283 (2005); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

The Second Circuit has identified four requirements or factors for lower federal courts to apply in determining whether the *Rooker-Feldman* doctrine applies (to deprive the Court of subject matter jurisdiction) over a particular matter: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the [federal] plaintiff must invite district court review and rejection of that judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced."

Case 2-16-02014-PRW    Doc 42    Filed 09/23/16    Entered 09/23/16 15:06:04    Desc Main
Document      Page 12 of 23

*McCrobie v. Palisades Acquisition XVI, LLC*, No. 15-CV-18-JTC, 2016 U.S. Dist. LEXIS 39435, at \*15 (W.D.N.Y. Mar. 25, 2016) (internal quotation marks omitted) (citing *Hoblock*, 422 F.3d at 85); *see also Andrews v. CitiMortgage, Inc.*, No. 14-cv-1534 (JS) (AKT), 2015 U.S. Dist. LEXIS 43027, at \*5 (E.D.N.Y. Mar. 31, 2015); *Done v. Option One Mortg. & Wells Fargo Bank, N.A.*, No. 09-CV-4770 (JFB), 2011 U.S. Dist. LEXIS 34189, at \*15 (E.D.N.Y. Mar. 30, 2011).  Here, despite Lunn's attempt to shade the facts, all four *Rooker-Feldman* factors are present.  As a result, this Court lacks subject matter jurisdiction over the Second Cause.

1.      *Rooker-Feldman* **"Procedural Requirments" Are Present.**

The first and fourth *Rooker-Feldman* factors are procedural.  *Hoblock*, 422 F.3d at 85; *Done*, 2011 U.S. Dist. LEXIS 34189, at \*15.  Both of the procedural factors are present here. Lunn lost in state court.  The state court Foreclosure Judgment against Lunn was rendered long before this action was commenced.  Lunn currently has an active appeal pending before the Appellate Division-Fourth Department, challenging both the order granting summary judgment and the Foreclosure Judgment itself.  Courts within the Second Circuit have applied *Rooker-Feldman* in cases where—as here—the federal plaintiff has an appeal pending before the state court.  *See, e.g.*, *DeRaffele v. City of New Rochelle*, No. 15-CV-282 (KMK), 2016 U.S. Dist. LEXIS 43466, at \*20-21 n.10 (S.D.N.Y. Mar. 30, 2016) (finding that within the Second Circuit district courts have not confined *Rooker-Feldman* to "situations where federal plaintiffs have exhausted their state-court appeals"); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 346-48 (E.D.N.Y. 2010).  Here, the Court finds that both of the *Rooker-Feldman* procedural requirements or factors are satisfied.

## 2. *Rooker-Feldman* **"Substantive Requirements" Are Present.**

The second and third *Rooker-Feldman* factors are substantive. *Hoblock*, 422 F.3d at 85. Lunn tries to duck *Rooker-Feldman* by arguing that, because the events giving rise to her complaint occurred *after* she lost in state court, she is not really attacking the state court judgment. (ECF AP No. 31 ¶ 4). But, it is glaringly apparent that Lunn complains of injuries *caused by or arising out of* the state court order and judgment. Lunn asks this Court to determine that WestVue does not hold a valid mortgage lien or judgment on her property because of alleged irregularities in the assignment of the underlying note and mortgage. Lunn's Second Cause specifically challenges the assignment of mortgage from NNPL to WestVue after the entry of the Foreclosure Judgment. But, in opposing the Motion to Dismiss, Lunn extends her challenge to the entire chain of ownership of the note and mortgage from the very beginning. Lunn states, "Since the execution of the mortgage documents and the note, [Lunn's] mortgage loan has had no less than 19 different *known* entities whom have claimed to either be servicers, owners, investors, nominees or to have some sort of interest in [Lunn's] mortgage and/or note." (ECF AP No. 35 at 6) (emphasis in original). Lunn points to irregularities in recording the various assignments of the mortgage, claiming that there is "no doubt that her mortgage loan lacks a valid chain of mortgage and note ownership from the original lender to date." (*Id.*). These same arguments were made to, and rejected by, the state court in connection with the mortgage foreclosure action. The issue of whether NNPL and its predecessors had standing to foreclose the mortgage on Lunn's home is presently before the state appellate court for consideration.

The Foreclosure Judgment granted by the state court specifically authorized NNPL to "assign its interests and rights under the instant Judgment to a third party of its choosing by filing

an Assignment of Cause of Action with the County Clerk and providing a copy to the Referee appointed within the instant order." (ECF AP No. 31, Ex. F). Lunn's Second Cause seeks a declaratory judgment from this Court that would alter the effect of the state court's Judgment that gave NNPL—or "a third party of its choosing"—the right to proceed with a foreclosure sale of the Property. (*Id.*). Any challenge Lunn raises with respect to NNPL's assignment of the mortgage or Foreclosure Judgment to WestVue is "inextricably intertwined" with the state court order and judgment, and should be left to the state appellate court to decide. *See McCrobie*, 2016 U.S. Dist. LEXIS 39435, at *17-18 (where Judge Curtin held that *Rooker-Feldman* bars federal consideration of "questions as to the integrity of the underlying judgment which are . . . 'inextricably intertwined' with, the state court's determination of the issues pending before it"); *Andrews*, 2015 U.S. Dist. LEXIS 43027, at *11 ("Plaintiffs' claim for the return of mortgage payments can only be construed as alleging injuries that occurred as a result of the Foreclosure Judgment . . . ."); *Done*, 2011 U.S. Dist. LEXIS 34189, at *19; *Park v. City of New York*, No. 99-cv-2981, 2003 U.S. Dist. LEXIS 578, at *23 (S.D.N.Y. Jan. 16, 2003). The harm of which Lunn complains was caused by, arises out of, or is inextricably intertwined with the Foreclosure Judgment granted by the state court. The Court finds that the second *Rooker-Feldman* factor is present here.

The third *Rooker-Feldman* requirement is present if the federal-plaintiff invites the federal court to review and reject the state court judgment. Undoubtedly in anticipation of a *Rooker-Feldman* challenge by WestVue, Lunn asserts that "the Rooker Feldman doctrine does not preclude this Court's jurisdiction, as the Plaintiff is not inviting this Court to review or disturb the judgments, as the [Foreclosure Judgment] was not granted to the defendant. It is the transactions, the egregious conduct and spurious actions of the defendant, and others acting on

behalf of the defendant *that occurred post judgment* which give rise to the counts within." (ECF AP No. 31 ¶ 4) (emphasis added). Regardless of how Lunn frames the Second Cause in the Second Amended Complaint, her goal is to have this Court revisit the underlying Foreclosure Judgment and its assignment to WestVue. *See Goldberg v. Roth*, No. 99 Civ. 11591 (BSJ), 2001 U.S. Dist. LEXIS 20932, at *15-16 (S.D.N.Y. Dec. 17, 2001) (denying review where plaintiff attempted to "make an end run around the *Rooker-Feldman* doctrine . . . through the mere assertion of new and baseless claims to supplement the old"). Lunn's challenge to the validity of the assignment giving rise to WestVue's mortgage lien—and her challenge to the chain of title of the note and mortgage—runs aground on the third *Rooker-Feldman* factor. *See Conte v. Mortg. Elec. Registration Sys.*, No. 14-6788, 2015 U.S. Dist. LEXIS 39094, at *7 (E.D. Pa. Mar. 27, 2015) ("[A] finding that [the mortgagee] did not have a proper interest in the mortgage through a valid assignment would be tantamount to a reversal of the state court's foreclosure decision.").

Here, the Court finds that each of the four *Rooker-Feldman* factors is present, as applied to Lunn's Second Cause. As a result, the Court does not have subject matter jurisdiction over the Second Cause. And dismissal of the Second Cause, under Rule 12(b)(1) FRCP, is appropriate.

Assuming for the sake of argument that the Court does have subject matter jurisdiction over Lunn's Second Cause—which it does not—it appears that Lunn lacks standing to the extent she seeks to challenge the assignment of the mortgage from NNPL to WestVue. A litigant who is not a party to a mortgage loan assignment lacks standing to challenge that assignment. *McCarty v. Bank of New York Mellon, No. 15-3184*, 2016 U.S. App. LEXIS 17209, at *3-4 (2d Cir. Sept. 21, 2016) (affirming the district court's dismissal of a mortgagor's challenge to various assignments of the mortgage and holding that a litigant "lacked constitutional standing to bring a

challenge to [the mortgagee's] ownership of her debt based on the alleged invalidity of the assignment); *Livonia Props. Holdings, LLC v. Farmington Rd. Holdings, LLC*, No. 10-1782, 399 F. App'x 97, 102 (6th Cir. 2010) (internal quotations omitted); *Perino v. Wells Fargo Bank, N.A.*, No. 12-cv-15182, 2013 U.S. Dist. LEXIS 135896, at *11 (E.D. Mich. Sept. 23, 2013); *Sprouse v. Sigmon*, No. 09-31054, 2014 Bankr. LEXIS 933, at *7 (Bankr. W.D.N.C. Mar. 11, 2014). "The only circumstances under which a debtor would have standing to challenge assignments would be upon a showing of prejudice, i.e that she faces the potential for double liability if the assignment stands." *Sprouse*, 2014 Bankr. LEXIS 933, at *87. Lunn does not claim that she is at risk of being made to pay her mortgage twice. Because Lunn is not a party to the assignments, and she has not made a factual showing that she faces a risk of double-liability on the mortgage, Lunn lacks standing to challenge the validity of the assignment of mortgage from NNPL to WestVue. Consequently, and in the alternative, the Second Cause is also subject to dismissal for lack of standing under Rule 12(b)(1) FRCP. The Second Circuit has held that the absence of standing implicates the absence of subject matter jurisdiction. *McCarty*, 2016 U.S. App. LEXIS 17209, at *1-2 n.1 ("[L]ack of standing to sue . . . is properly adjudicated under Fed. R. Civ. P. 12(b)(1) . . . .").

WestVue's Motion to Dimiss the Second Cause of action, under Rule 12(b)(1), for lack of subject matter jurisdiction, is **GRANTED**. The Second Cause of action in the Second Amended Complaint is **DISMISSED**.


**C.** **Third Cause—Seeking Declaration Holding WestVue in Contempt of State Court Order—Must Be Dismissed for Want of Subject Matter Jurisdiction.**

In her Third Cause, Lunn asks this Court to impose sanctions against WestVue for conduct Lunn claims was intended to "delay . . . the perfection of [her state court] appeals which

could be considered obstruction of justice, and contempt of court for not submitting the modified order to the [state] court within the 30 days as ordered." (ECF AP No. 31 ¶ 80). Simply put, Lunn asks the federal court to hold WestVue in contempt for its alleged failure to comply with a state court scheduling order. Lunn also asks this Court to issue an injunction—which the state appellate court declined to grant—to prevent a foreclosure sale of her Property while her appeals remain pending. (*See id.* ¶ 81). WestVue seeks dismissal of the Third Cause of action under both Rule 12(b)(1) and (b)(6) FRCP. (ECF AP No. 32 ¶ 14). The Court will endeavor to be more precise.

Lunn's Third Cause must be dismissed for lack of subject matter jurisdiction. All four *Rooker-Feldman* factors are met with respect to the Third Cause: (1) Lunn lost in state court; (2) the injury of which Lunn complains—the risk of her Property being sold at foreclosure—arises out of the state court's Foreclosure Judgment; (3) Lunn invites this Court to review the state court's order granting summary judgment and its scheduling order concerning perfection of the record on appeal; and (4) Lunn commenced this action in federal court after the state court judgment was issued. The relief Lunn seeks in the Third Cause is "inextricably intertwined" with the state court Foreclosure Judgment and the appeals of that judgment. *See McCrobie*, 2016 U.S. Dist. LEXIS 39435, at *17-18; *Done*, 2011 U.S. Dist. LEXIS 34189, at *19. Further, the injunctive relief sought by Lunn is to stay enforcement of the Foreclosure Judgment pending appeal. That same relief was requested by Lunn of the Appellate Division of the state court— and that request was denied. While Lunn does not (directly) ask this Court to review the state court's denial of a stay pending appeal, she does attempt (by indirection) to have this Court issue an order that would effectively overrule the state court's order. The Court holds that under the

*Rooker-Feldman* doctrine, this Court does not have subject matter jurisdiction over the Third

Cause. Dismissal of the Third Cause under Rule 12(b)(1) FRCP is appropriate.

Even if this Court had subject matter jurisdiction over the Third Cause—which it does

not—the Court would exercise its discretion and permissively abstain. Boiled down to its bones,

the Third Cause asks two things of this Court: first, issuance of a stay pending appeal—after that

same stay was denied by the state appellate court, and second, that this Court find WestVue in

contempt of the state court's scheduling order related to her appeal.

The Court is vested with discretion to permissively abstain from hearing a matter "in the

interest of justice, or *in the interest of comity with state courts* or respect for state law." 28

U.S.C. § 1334(c)(1) (emphasis added). The litigation posture of the underlying foreclosure

action in the state appellate court—with appeals by Lunn concerning both the order granting

summary judgment and the granting of the Foreclosure Judgment—loudly hollers for this Court

to exercise its discretion and permissively abstain. The Court may, in the exercise of discretion,

permissively abstain based on one or more of the following factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a court
> recommends abstention; (2) the extent to which state law issues predominate over
> bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law;
> (4) the presence of a related proceeding commenced in state court or other non-
> bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main
> bankruptcy case; (7) the substance rather than the form of an asserted "core"
> proceeding; (8) the feasibility of severing state law claims from core bankruptcy
> matters to allow judgments to be entered in state court with enforcement left to
> the bankruptcy court; (9) the burden [on the court's] docket; (10) the likelihood
> that the commencement of the proceeding in a bankruptcy court involves forum
> shopping by one of the parties; (11) the existence of a right to a jury trial; and (12)
> the presence in the proceeding of non-debtor parties.

*In re Palumbo*, No. 98-23679-JCN, 2016 Bankr. LEXIS 3214, at *15-16 (Bankr. W.D.N.Y. Sept.

1, 2016); *MAA-Sharda, Inc. v. First Citizens Bank & Trust Co.*, No. 14-21380-PRW, 2015

Bankr. LEXIS 1176, at *27-28 (Bankr. W.D.N.Y. Apr. 9, 2015) (citing *In re Exeter Holding, Ltd.*, No. 11-77954-ast, 2013 Banrk. LEXIS 1008, at *10 (Bankr. E.D.N.Y. Mar. 14, 2013); *Tech. Outsource Solutions, LLC v. ENI Tech., Inc.*, No. 02-CV-6433, 2003 U.S. Dist. LEXIS 1475, at *13-16 (W.D.N.Y. Jan. 23, 2003) (Siragusa, J.)).

Here the Court finds that the second, fourth, sixth, tenth and twelfth factors weigh heavily in favor of permissive abstention—with the second, fourth and tenth weighing most heavily. Lunn's Chapter 7 bankruptcy was a no-asset case and she has received a discharge of her dischargeable debt. The mortgage lien—to whomever it belongs (and Lunn seems to admit that it belongs to someone)—passed through bankruptcy unaffected by the discharge, although Lunn's personal liability on the mortgage note has been discharged. *See Granger v. Maine Dep't of Envtl. Prot.*, BAP No. EP 08-085, 2009 Bankr. LEXIS 4359, at *12 (B.A.P. 1st Cir. May 6, 2009); *see also Dewsnup v. Timm*, 502 U.S. 410, 417 (1992); *Johnson v. Home State Bank*, 501 U.S. 78, 83-84 (1991); *In re Pecora*, 297 B.R. 1, 5-6 (Bankr. W.D.N.Y. 2003). What is left is a simple two-party dispute—the same dispute that was pending before the state court in the form of a mortgage foreclosure action, commenced long before Lunn brought this action.

WestVue's Motion to Dismiss the Third Cause of action, under Rule 12(b)(1), for want of subject matter jurisdiction is **GRANTED**. Alternatively, in the interest of comity with the state courts, the Court exercises its discretion and permissively abstains under 28 U.S.C. § 1334(c)(1). The Third Cause of action in the Second Amended Complaint is **DISMISSED**.


**D.**     **Fourth Cause—Seeking Damages Arising Out of Strictly State Law Claims—Can Be Dismissed in the Exercise of the Court's Discretion.**

In the Fourth Cause, Lunn claims that NNPL and WestVue violated New York General Business Law § 349 and New York Penal Law §§ 175.30 and 210.35—by recording the

assignment of Foreclosure Judgment without proper proof of the right to do so. (ECF AP No. 31 ¶¶ 84-92). By asserting her state law claim, Lunn has invoked (perhaps unintentionally) this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

As an initial matter, as Judge Glenn recently observed,

> There is a split in authority whether bankruptcy courts may exercise supplemental jurisdiction, but the Second Circuit has upheld the exercise of supplemental jurisdiction by bankruptcy courts." *Compare In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994) (finding that "the bankruptcy court had jurisdiction over the [plaintiff's] claims against the [third party] under principles of supplemental jurisdiction"); *In re Sasson*, 424 F.3d 864, 869 (9th Cir. 2005) ("Thus, at present, the bankruptcy court's 'related to' jurisdiction also includes the district court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 . . . ") *with In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) ("Bankruptcy courts may not exercise supplemental jurisdiction."); *In re Enron Corp.*, 353 B.R. 51, 61 (Bankr. S.D.N.Y. 2006) (stating that "the jurisdictional grant in 28 U.S.C. § 1334(b) and 28 U.S.C. § 157, by implication, negates a bankruptcy court's exercise of jurisdiction of a supplemental non-federal claim in instances where that claim has no impact on the bankruptcy estate").

*Am. Residential Equities, LLC v. GMAC Mortg. LLC (In re Residential Capital, LLC)*, No. 12-01934 (MG), 2013 Bankr. LEXIS 3045, at *14-15 n.3 (Bankr. S.D.N.Y. July 30, 2013) (Glenn, J.); *see also Cavalry Constr., Inc. v. WDF, Inc. (In re Cavalry Constr., Inc.)*, 496 B.R. 106, 111-16 (S.D.N.Y. 2013).

The Court need not weigh in on the issue, in order to dispose of Lunn's Fourth Cause. It is beyond cavil that the federal courts have discretion to decline to exercise supplemental jurisdiction over a state law claim when the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "In this regard, the Second Circuit has instructed that when the district court determines that it lacks subject matter jurisdiction over the federal claims, '[i]t would . . . be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.[']" *McCrobie v. Palisades Acquisition*, No. 15-CV-18-JTC, 2016 U.S. Dist. LEXIS 39435, at *19 (W.D.N.Y. Mar. 25,

2016) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)); *see also Residential Capital LLC*, 2013 Bankr. LEXIS 3045, at *14-15 n.3; *Done v. Option One Mortg.*, No. 09-cv-4470 (JFB), 2011 U.S. Dist. LEXIS 34189, at *28-30 (E.D.N.Y. 2011). And "when the interest of judicial economy, convenience, comity, and fairness to litigants are not violated by refusing to entertain matters of state law, [the court] should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court." *Karmel v. Liz Claiborne, Inc.*, No. 99 Civ. 3608 (WK), 2002 U.S. Dist. LEXIS 12842, at *4 (S.D.N.Y. July 12, 2002).

In the exercise of its discretion, under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Lunn's state law claims brought under New York General Business Law § 349 and New York Penal Law §§ 175.30 and 210.35. WestVue's Motion to Dismiss the Fourth Cause of action is **GRANTED**, in the exercise of the Court's discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). The Fourth Cause of action in the Second Amended Complaint is **DISMISSED**.


## V.

## CONCLUSION

The long and winding road leads us to the end of this tale. WestVue's Motion to Dismiss the Second Amended Complaint, under Rule 12(b)(1) FRCP—for lack of subject matter jurisdiction as to the Second and Third Cause, under Rule 12(b)(6) FRCP—for failure to state a claim for which relief can be had—as to the First Cause, and under 28 U.S.C. § 1367(c)(3)—in the exercise of the Court's discretion to decline to exercise supplemental jurisdiction—as to the

Fourth Cause, is **GRANTED**.   Lunn's Second Amended Complaint is, in its entirety,

**DISMISSED**.

The Clerk of Court is directed to immediately close the main bankruptcy case, and, after

entry of this Order, the Adversary Proceeding is to be closed as well.   To the extent the state

appellate court has been delaying consideration of the appeal because of the automatic stay in

bankruptcy, this Order also serves to terminate the automatic stay.


IT IS SO ORDERED.


Dated: September 23, 2016
      Rochester, New York

_____/s/_____
HON. PAUL R. WARREN
United States Bankruptcy Judge